UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

---

CHRISTOPHER LITTARES, *individually,* :
*and on behalf of all others similarly situated* :
:
Plaintiff, :
: Civil Action No.: _____
v. :
: **JURY TRIAL DEMANDED**
:
TCOM, L.P. :
:
Defendant. :

---

## COLLECTIVE ACTION COMPLAINT

Plaintiff Christopher Littares ("Plaintiff") hereby brings this action against TCOM, L.P. ("Defendant") and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint on a collective action basis contending that Defendant unlawfully failed to pay Field Operations and Support employees overtime compensation for hours worked in excess of forty (40) in a workweek pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant is a provider is aerial surveillance equipment.

3. Defendant employs persons in positions including Field Service Representatives, Field Service Engineers, Production Employees, Ground Systems Technicians, Production Foremen, Logistics Analysts, Logistics Coordinators, and Logistics Planners, who are responsible for assembling, testing, fixing, and maintaining aerial surveillance equipment (collectively "Field Operations and Support employees" or "FOS employees").

4. Plaintiff is a former FOS employee of Defendant.

5. Defendant willfully misclassifies FOS employees as exempt from overtime pay during their training period, despite knowing that FOS employees' primary job duties during their training periods do not fall within any of the FLSA's exemptions to the statute's overtime pay requirements. *See* 29 U.S.C. § 207(a)(1).

6. As a result, Defendant unlawfully failed to pay FOS employees, including Plaintiff, for overtime compensation for work performed in excess of forty (40) hours during a workweek during their training period.

7. Plaintiff asserts his FLSA claims individually and pursuant to 29 U.S.C. § 216(b) on behalf of a putative "FLSA Collective," defined as: *all current and former FOS employees who worked for Defendant in any place covered by the FLSA, including, but not limited to, the United States, Puerto Rico, the Virgin Islands, American Samoa, and Guam, at any time within three (3) years preceding the commencement of this action and the date of judgment*.

8. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all putative FLSA Collective members, informing them of their right to assert FLSA claims in this collective action by filing consent forms.

9. Plaintiff seeks unpaid overtime wages owed to him and other FLSA Collective members for work performed in excess of forty (40) hours in a workweek during the training period, plus an equal amount in liquidated damages, as well as attorneys' fees and costs.

10. In addition, Plaintiff seeks overtime wages and liquidated damages owed to him for non-training work performed in excess of forty (40) hours in a workweek, i.e. assembling, testing, fixing, and maintaining aerial surveillance equipment at Defendant's production facility in Elizabeth City, North Carolina.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

13. This Court has personal jurisdiction over Defendant because Defendant is domiciled in North Carolina.

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because Defendant resides in this district.

## PARTIES

15. Plaintiff Christopher Littares is a United States citizen and currently resides in Tulsa, Oklahoma.

16. Plaintiff was employed by Defendant as a Field Service Representative from approximately December 2022 to June 2023.

17. Defendant TCOM, L.P. is a limited partnership duly organized and existing in North Carolina with a principal place of business located at 190 T Com Drive, Elizabeth City, NC 27909.

18. Pursuant to 29 U.S.C. § 216(b), Plaintiff Christopher Littares has signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

# GENERAL ALLEGATIONS[1]

19. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

20. Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

21. Defendant is an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s) because it has employees engaged in commerce as well as employees handling, settling, and otherwise working on goods or materials that have been moved in or produced for commerce.

22. Additionally, Defendant has two (2) or more employees handling, selling, or otherwise working with or on goods or materials that have been moved in or produced for commerce.

23. Defendant employs FOS employees, whose primary duty is to assemble, test, fix, and maintain aerial surveillance equipment.

24. Before beginning to perform their primary duties, FOS employees are required to complete an approximately thirteen (13) week training period.

25. During their training periods, FOS employees receive education regarding their duties, the tools and systems used to perform those duties, and specific education related to various technology to be used.

---

[1] Unless otherwise specifically noted here, the following allegations all apply through the time periods covered by the FLSA Collective.

26. During the training period, FOS employees work in excess of forty (40) hours during a workweek, but do not receive overtime compensation for the hours worked over forty (40).

27. Defendant suffers and permits FOS employees to work more than forty (40) hours per week during their training period without overtime pay.

28. Defendant fails to pay FOS employees any overtime premium or any other compensation for their hours worked in excess of forty (40) in a workweek during their training period.

29. FOS employees do/did not qualify for any exemption under the FLSA during their training periods.

30. Defendant willfully misclassifies FOS employees as exempt from overtime pay during their training period, despite knowing that their primary job duties do/did not fall within any of the FLSA's exemptions to the statute's overtime pay requirements.

31. Defendant has been aware, or should have been aware, that FOS employees were performing non-exempt work that required payment of overtime compensation during their training period.

32. At all times relevant hereto, FOS employees are/were "non-exempt" employees under the FLSA and entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek during their training period.

33. As a result of Defendant's aforesaid illegal actions, FOS employees have suffered damages.

34. In addition to his training period, Plaintiff also worked several weeks in which he assembled and fixed aerial surveillance equipment at Defendant's production facility in Elizabeth City, North Carolina.

35. During this time, Defendant suffered and permitted Plaintiff to work in excess of forty (40) hours in a workweek, but dd not pay him any overtime premium compensation.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

37. This action is brought as a collective action to recover unpaid compensation and overtime compensation and liquidated damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

38. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the FLSA Collective, defined as:

> *All current and former FOS employees who worked for Defendant in any place covered by the FLSA, including, but not limited to, the United States, Puerto Rico, the Virgin Islands, American Samoa, and Guam, at any time within three (3) years preceding the commencement of this action and the date of judgment ("FLSA Collective").*

39. Plaintiff reserves the right to amend this definition as necessary.

40. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the putative members of the FLSA Collective are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

41. Plaintiff may request that the Court authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION
### (*Brought on an Individual and FLSA Collective Basis*)

42. The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

43. Under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

44. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work hours in excess of forty (40) in a workweek during their training periods without receiving any overtime compensation.

45. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective members for overtime hours in accordance with the FLSA.

46. In addition to his training period, Defendant suffered and permitted Plaintiff to work in excess of forty (40) hours in a workweek in the several weeks in which he assembled and fixed aerial surveillance equipment at Defendant's production facility in Elizabeth City, North Carolina, but dd not pay him any overtime premium compensation for such work.

47. During this time, Defendant suffered and permitted Plaintiff to work in excess of forty (40) hours in a workweek, but dd not pay him any overtime premium compensation.

48. Defendant knew, or showed reckless disregard for the fact, that it failed to pay Plaintiff and FLSA Collective members overtime compensation in violation of the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49. As the direct and proximate result of Defendant's unlawful conduct, Defendant are liable to Plaintiff and the FLSA Collective for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the proposed FLSA Collective, prays for judgment against Defendant as follows:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons within the FLSA Collective, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period;

C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violating of the FLSA;

D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and the FLSA Collective for work performed in excess of forty (40) hours per workweek;

E. Awarding Plaintiff and the FLSA Collective unpaid overtime compensation and liquidated damages in an amount consistent with the FLSA;

F. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

G. Designating Plaintiff as the representative of the FLSA Collective;

H. Designating the undersigned counsel as counsel for the FLSA Collective in this action;

I. An incentive award for the Plaintiff for serving as representative of the FLSA Collective in this action;

J. Judgment for any and all civil penalties to which Plaintiff and the members of the FLSA Collective may be entitled; and

K. Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, CHRISTOPHER LITTARES, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: October 10, 2023   Respectfully submitted,

By:   *s/ Brian Kinsley*
      Brian L. Kinsley

NC Bar No.: 38683
**CR LEGAL TEAM, LLP**
2400 Freeman Mill Road
Greensboro, NC 27406
T: (800) 288-1529
BLKinsley@crumleyroberts.com

*Local Counsel for Plaintiff*

Edmund C. Celiesius (to seek Special Appearance)
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
ed.celiesius@jtblawgroup.com

*Lead Counsel for Plaintiff*