IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:23-CV-60-FL

| | |
|---|---|
| CHRISTOPHER LITTARES, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| TCOM, L.P., | )<br>) |
| Defendant. | ) |

ORDER

This matter is before the court upon plaintiff's unopposed motion for approval of settlement and dismissal. (DE 38). For the following reasons the motion is granted.

## BACKGROUND

Plaintiff Christopher Littares ("named plaintiff" or "Littares") commenced this action October 10, 2023, alleging, among other things, that defendant TCOM, L.P. ("TCOM") failed to pay overtime wages to named plaintiff and similarly situated employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Named plaintiff seeks to recover unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

After extension of time, defendant answered December 15, 2023, denying all of named plaintiff's material allegations. Specifically, defendant contends that it complied with the law at all times, that named plaintiff's claims lack merit, and that the action could not properly be maintained as a collective action.

The court granted the parties' joint motion to conditionally certify a collective and approved the parties' proposed notice and messages to potential plaintiffs March 4, 2024. Opt-in plaintiff Bryan Michael Bondie consented to join November 17, 2023. (DE 14 at 3).[1] Opt-in plaintiff Kevin Donald Mansur consented to join April 10, 2024, and opt-in plaintiff Awais Ahmed consented to join April 11, 2024. (DE 32-1).

Named plaintiff filed the instant unopposed motion for approval of settlement and dismissal December 13, 2024, relying upon the parties' settlement agreement and an affidavit of Edmund C. Celiesius, named plaintiff's former counsel.

## DISCUSSION

A.  Standard of Review

"The rights guaranteed by the FLSA cannot be waived or settled without prior [Department of Labor] or court approval." Taylor v. Progress Energy, Inc., 415 F.3d 364, 371 (4th Cir. 2005). To approve an FLSA settlement, district courts in this circuit evaluate whether a settlement reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" by applying the considerations set forth by the Eleventh Circuit in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 407–08 (D. Md. 2014). These considerations include "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement . . . and (3) the reasonableness of the attorneys' fees." Duprey, 30 F.Supp.3d at 408. These factors are most likely to be satisfied where there is an "assurance of an adversarial context" and the employee is "represented by an attorney who can protect [his] rights under the statute." Lynn's Food Stores, 679 F.2d at 1354.

---

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's case management and electronic case filing (CM/ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

B.   Analysis

As an initial matter, this action is certified as a collective action pursuant to the FLSA for settlement purposes, and each of the three opt-in plaintiffs shall be a participant in this case. Because the settlement set forth in the settlement agreement is made and approved pursuant to the FLSA, notice to government officials, as contemplated under the Class Action Fairness Act in connection with the settlement of a class action, is not required pursuant to 28 U.S.C. § 1715. The court addresses the considerations set forth in Lynn's Food Stores in turn.

1.   FLSA Issues Actually in Dispute

There is a bona fide dispute over FLSA provisions in this matter. Specifically, named plaintiff alleges defendant willfully misclassified plaintiffs as exempt from overtime pay during their training periods and subsequently failed to pay plaintiffs overtime compensation for work performed in excess of 40 hours during a workweek during those training periods in violation of 29 U.S.C. 207(a)(1). (Compl. (DE 1) ¶¶ 5, 6). Defendant denies any wrongdoing or legal liability arising out of the facts alleged in this action. (See Ans. (DE 18)).

2.   Fairness and Reasonableness

The court has reviewed and considered the terms of the parties' Settlement Agreement (DE 39-1) and the provisions pertaining to released claims. The court has also read and considered named plaintiff's motion and its supporting exhibits, including the declaration of Edmund C. Celiesius. Based upon the court's review and consideration of those papers, and the court's familiarity with this case, the court finds and concludes that the settlement is the result of arms-length negotiations between the parties after named plaintiff's counsel adequately investigated the released claims of the named plaintiff and the opt-in plaintiffs and became familiar with their strengths and weaknesses.

The court also finds and determines that the settlement payments to be made to the named plaintiff and the opt-in plaintiffs, as provided for in the settlement agreement are fair and reasonable.

The court additionally finds and determines that the settlement agreement is not a concession or admission of liability by defendant, and it shall not be used or construed for any purpose against defendant as an admission of liability with respect to any alleged claim or any fault or omission by defendant.

The court has reviewed and considered the provision in the settlement agreement setting forth the released claims of named plaintiff and the opt-in plaintiffs and finds such provisions to be fair, reasonable, and enforceable under the FLSA and all other applicable laws. Named plaintiff and each opt-in plaintiff shall be and hereby are bound by the release of the released claims and all other terms and provisions of the settlement agreement.

The parties, as well as all opt-in plaintiffs, shall and hereby are ordered to comply with all terms of the settlement agreement.

The court approves a $4,000.00 service award to the named plaintiff, as set forth in the settlement agreement. The court finds that the named plaintiff has taken significant action to protect the interests of the opt-in plaintiffs, and the opt-in plaintiffs have benefited considerably from those actions. Furthermore, named plaintiff's counsel attest that the named plaintiff was substantially involved in the proceedings throughout the action.

3.  Attorneys' Fees

The Court also finds the requested attorney's fees and costs to be reasonable. This circuit uses the lodestar method for determining a reasonable fee in an FLSA collective action. See <u>Lyle v. Food Lion, Inc.</u>, 954 F.2d 984, 988 (4th Cir. 1992); <u>Duprey</u>, 30 F.Supp.3d at 411–12. The lodestar amount is defined as a reasonable hourly rate multiplied by hours reasonably expended,

4

Case 2:23-cv-00060-FL     Document 46     Filed 02/25/25     Page 4 of 6

and an hourly rate is reasonable if it is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Duprey, 30 F.Supp.3d at 412. The fees sought in this case are 77% of the lodestar. (See Celiesius Decl. (DE 38-3) ¶ 17).

Courts in this circuit also consider twelve factors to evaluate the reasonableness of an award of attorneys' fees in FLSA cases, including "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978).

In light of the above factors, having considered the plaintiffs' motion and for the reasons set forth therein, the court finds that the payments of $17,667.09 in attorneys' fees and $2,332.91 in litigation expenses and costs to collective counsel are fair and reasonable.

In sum, the settlement reached is a fair and reasonable resolution of a bona fide dispute of FLSA provisions, and the requested attorneys' fees, costs, and other compensation are also reasonable. Accordingly, plaintiff's motion for settlement approval is granted.

Nothing in this order shall preclude any action to enforce the parties' obligations under the settlement agreement or this order, including the requirement that defendant make the settlement payments in accordance with the terms of the settlement agreement.

Named plaintiff and opt-in plaintiffs, and anyone acting on behalf of any named plaintiff or opt-in plaintiff shall be and hereby are barred and enjoined from: (1) further litigation in this case; (2) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual, class, collective or other representative action basis any action, claim or proceeding against defendant and/or any other released parties in any forum in which any of the released claims are asserted in whole or in part and on any basis, or which in any way would prevent any such claims from being fully and finally extinguished by operation of this order.

This matter is dismissed with prejudice as to the named plaintiff and the opt-in plaintiffs, with each side to bear its own costs and attorneys' fees except as expressly provided by the settlement agreement and this order.

Without affecting the finality of the court's judgment and this order in any way, the court retains jurisdiction over this matter for purposes of resolving issues relating to the interpretation, administration, implementation, effectuation and enforcement of the settlement agreement and this order.

## CONCLUSION

Based on the foregoing, plaintiff's unopposed motion for approval of settlement and dismissal (DE 38) is GRANTED. The parties are ORDERED to distribute the payments required under the settlement agreement. The clerk is DIRECTED to close this case.

SO ORDERED, this the 25th day of February, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge